## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

NATHAN CHAMBLISS, #1426637,

                    Petitioner,

v.                                       ACTION NO. 2:15cv92

HAROLD W. CLARKE,
*Director, Virginia Department of Corrections*

                    Respondent.

### UNITED STATES MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

This matter is before the Court on Nathan Chambliss's ("petitioner's") *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and the respondent's motion to dismiss, ECF No. 6. This matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court RECOMMENDS that respondent's motion to dismiss, ECF No. 6, be GRANTED, and the petition for a writ of habeas corpus, ECF No. 1, be DENIED and DISMISSED WITH PREJUDICE.

### I. STATEMENT OF THE CASE

Petitioner is in state custody pursuant to convictions in the Circuit Court for Fairfax County ("circuit court"). On March 22, 2010, petitioner pled guilty to abduction, attempted robbery, and using a firearm in the commission of a felony, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). Tr. 3-4, Mar. 22, 2010. *Commonwealth v. Chambliss*, FE-2009-1293 (Va.

Cir. Ct. June 4, 2010), ECF No. 8-1.  On May 21, 2010, petitioner was sentenced to five years in

prison for abduction, eight years in prison for attempted robbery, and three years in prison for

using a firearm in the commission of a felony.  Tr. 7-9, May 21, 2010.  In total, petitioner was

sentenced to sixteen years in prison with six years suspended.  *Id.*  On December 17, 2010, the

circuit court denied petitioner's motion to reconsider the sentence. ECF No. 8-3.  Subsequently,

petitioner failed to file a timely appeal to the Court of Appeals of Virginia.

On April 30, 2011, petitioner signed a petition for a writ of habeas corpus, which the

Supreme Court of Virginia received on May 6, 2011.  The petition alleged:

> (A)     counsel was ineffective for failing to file an appeal after being asked to do
>         so by petitioner and petitioner's relatives;
>
> (B)     counsel was ineffective for failing to file a motion to reduce petitioner's
>         sentence after being asked to do so by petitioner and petitioner's relatives;
>         and,
>
> (C)     counsel was ineffective for falsely advising petitioner that, if he pled
>         guilty, the Commonwealth would drop one of his three charges and reduce
>         a second charge and, based on this false advice, petitioner pled guilty.

ECF No. 8-6 at 1-2.  On November 29, 2011, the Supreme Court of Virginia granted petitioner a

belated appeal to the Court of Appeals of Virginia on claim A, and dismissed petitioner's

remaining claims "without prejudice to his right to file a subsequent petition for a writ of habeas

corpus limited to the grounds assigned in the first petition." *Id.* at 2.

On August 30, 2012, petitioner appealed his convictions and sentence to the Court of

Appeals of Virginia.  The Court of Appeals of Virginia denied the petition for appeal on

December 6, 2012, *Chambliss v. Commonwealth*, Record No. 1285-12-4 (Va. Ct. App. Dec. 6,

2012), ECF No. 8-5, and again by a three-judge panel on March 4, 2013, *Chambliss v.*

*Commonwealth*, Record No. 1285-12-4 (Va. Ct. App. Mar. 4, 2013).  The Supreme Court of

Virginia refused the appeal on June 18, 2013. *Chambliss v. Commonwealth*, Record No. 130571

(Va. June 18, 2013).

On July 10, 2013, petitioner filed his first petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. *Chambliss v. Clarke*, No. 2:13cv386, 2014 WL 2155082, at *2 (E.D. Va. Apr. 2, 2014). Petitioner asserted that he was entitled to relief under 28 U.S.C. § 2254 because:

(A)  his Sixth Amendment right to counsel was denied when the trial court reconvened to increase his sentence without his counsel present;

(B)  counsel was ineffective for falsely advising petitioner that, if he pled guilty, the Commonwealth would drop one of his three charges and reduce a second charge and, based on this false advice, petitioner pled guilty;

(C)  his Fourteenth Amendment right to due process was violated when the trial court reconvened to increase petitioner's sentence without petitioner present; and

(D)  the evidence was insufficient to sustain his convictions.

*Id.* On April 2, 2014, United States Magistrate Judge Tommy E. Miller issued a report and recommendation finding that petitioner failed to exhaust state remedies pursuant to 28 U.S.C. § 2254(b) and recommending that petitioner's habeas petition be dismissed without prejudice to petitioner's right to file a subsequent petition for a writ of habeas corpus after exhausting state remedies. *Id.* at *3. On May 21, 2014, United States District Judge Arenda L. Wright Allen adopted the report and recommendation and issued a final order dismissing the habeas petition without prejudice to petitioner's right to file a subsequent petition for a writ of habeas corpus after exhausting state remedies. *Chambliss v. Clarke*, No. 2:13cv386, 2014 WL 2155230, at *1 (E.D. Va. May 21, 2014).

On June 2, 2014, petitioner filed another habeas petition in the Supreme Court of Virginia, alleging:

(A)  counsel was ineffective for failing to object to the trial court's acceptance

3

of his *Alford* plea after the Commonwealth did not issue a promised
sentencing recommendation; and

(B)     petitioner's due process rights were violated when the trial court accepted
his *Alford* plea when the Commonwealth's proffer of evidence did not
provide a factual basis for his plea.

*Chambliss v. Clarke*, Record No. 140869 (Va. Jan. 30, 2015), ECF No. 8-6. On January 30,

2015, the Supreme Court of Virginia dismissed these claims, pursuant to Virginia Code § 8.01-

654(B)(2), because petitioner did not raise them in his first habeas petition. *Id.*

Subsequently, on February 18, 2015, petitioner signed the present habeas petition

pursuant to 28 U.S.C. § 2254, which was filed in this Court on March 3, 2015. ECF No. 1. The

petition alleges:

(A)     petitioner's Sixth Amendment right to counsel was denied when the trial
court reconvened to increase his sentence without his counsel present; and

(B)     petitioner's Fourteenth Amendment right to due process was violated
when the trial court reconvened to increase petitioner's sentence without
petitioner or his counsel present.

ECF No. 1. On May 21, 2015, respondent filed a rule 5 answer and motion to dismiss. ECF

Nos. 5, 6. On July 20, 2015, petitioner filed a response in opposition. ECF No. 11.

Accordingly, this matter is ripe for review.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Claim A

#### i. Exhaustion

In order for the Court to address the merits of petitioner's claims, all claims must be

exhausted. *See* 28 U.S.C. § 2254(b). Exhaustion requires that all "essential legal theories and

factual allegations advanced in federal court be the same as those advanced at least once to the

highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996

F.2d 1560 (4th Cir. 1993). Exhaustion may be achieved either through direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997).

Petitioner's claim A, alleging that his Sixth Amendment right to counsel was denied when the trial court reconvened to increase his sentence without his counsel present, is exhausted because it was raised on direct appeal to the Court of Appeals of Virginia, *Chambliss v. Commonwealth of Va.*, Record No. 1285-12-4 (Va. Ct. App. Dec. 6, 2012), and was appealed to the Supreme Court of Virginia, *Chambliss v. Commonwealth of Va.*, Record No. 130571 (Va. June 18, 2013).

### ii. Procedural Default

This Court may only address the merits of petitioner's claims that were not procedurally defaulted in state court. *See Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998). A claim is procedurally defaulted when a state court refuses review of the claim under an adequate and independent state procedural rule. *Id.*; *see also Coleman v. Thompson*, 501 U.S. 722, 729 (1991). A state procedural rule is adequate if it is firmly established and regularly followed. *McNeil v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007) (citing *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988)). A state procedural rule is independent if it does not depend on a federal constitutional ruling. *Id.* (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

Petitioner may overcome procedural default and obtain federal merits review if he can "demonstrate cause and prejudice for the default or demonstrate that failure to review the claims will result in a fundamental miscarriage of justice." *Edwards v. Johnson*, No. 2:10cv339, 2010 WL 5825427, at *3 (E.D. Va. Dec. 15, 2010) (citing *Coleman*, 501 U.S. at 750; *Savino v.*

*Murray*, 82 F.3d 593, 602 (4th Cir. 1996)). The cause requirement compels petitioner to demonstrate that "some objective factor external to the defense impeded [his] efforts to raise the claim in state court at the appropriate time." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). The prejudice requirement insists that petitioner show that any errors at trial worked to his "*actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). A petitioner may avail himself of the "fundamental miscarriage of justice" exception by proffering new evidence sufficient to support a claim of actual innocence. *Id.* at 160; *see also United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) ("[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence.").

Petitioner's claim A, that his Sixth Amendment right to counsel was denied when the trial court reconvened to increase his sentence without his counsel present, is procedurally defaulted under Rule 5A:18[1] of the Rules of the Supreme Court of Virginia. Petitioner presented claim A to the Court of Appeals of Virginia, which held that Rule 5A:18 barred the court's consideration of the claim unless an exception applied. *Chambliss v. Commonwealth of Va.*, Record No. 1285-12-4 (Va. Ct. App. Dec. 6, 2012). After declining to invoke the ends of justice exception because petitioner failed to show that "an actual miscarriage of justice occurred," the Court of Appeals of Virginia determined that Rule 5A:18 barred consideration of petitioner's claim. *Id.*

---

[1] Rule 5A:18 specifies that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice" and further that a "mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to preserve the issue for appellate review."

Petitioner then appealed the ruling to the Supreme Court of Virginia, where the court refused the petition for appeal. *Chambliss v. Commonwealth of Va.*, Record No. 130571 (Va. June 18, 2013). Rule 5A:18 constitutes an adequate and independent state law ground because the state procedural rule is firmly established, regularly followed, and independent from any federal constitutional ruling. *See Weeks v. Angelone*, 176 F.3d 249, 270 (4th Cir. 1999) (finding that dismissal of petitioner's claims based on Rule 5:25[2] constitutes an adequate and independent state law ground). Because petitioner's claim is procedurally defaulted, he must show cause and prejudice for the default or demonstrate that failure to review the claims will result in a fundamental miscarriage of justice in order to obtain federal merits review.

Petitioner cannot show cause for the procedural default. In order to demonstrate cause, that is, "some objective factor external to the defense impeded [his] efforts to raise the claim in state court at the appropriate time," *Breard*, 134 F.3d at 619, petitioner argues that he did not know the circuit court "reconvened and increased" his sentence until August 26, 2012. ECF No. 1 at 22. Petitioner interprets the following exchanges at the sentencing hearing as a sentence increase.

> THE COURT: On the abduction charge I sentence you to five years. On the attempted robbery charge I sentence you to eight years. On the use of a firearm [in the] commission of a felony, I sentence you to a three year mandatory minimum.
>
> I want to suspend three years of the abduction charge and three years of the attempted robbery charge. That means you will have eight years to serve . . . .
>
> . . . .

---

[2] Rule 5:25 contains almost identical language to Rule 5A:18 and specifies: "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to preserve the issue for appellate review."

(Whereupon, other matters were heard at this time.)

THE COURT: To clarify one thing, Mr. Chambliss, I know Mr. Swedish isn't here, but just in case he comes – I added it wrong, it's ten years that I gave to serve, not eight. The sentences I gave were the sentences I have down here and the sentences I intend to give, I just added quickly and added wrong.

THE DEFENDANT: Yes, sir.

Tr. 7-9, May 21, 2010.[3] While petitioner characterizes this exchange as an unconstitutional increase in sentence ordered in his absence, ECF No. 23, the record reveals that a mere mathematical mistake was made and then corrected in petitioner's presence. In addition to the transcript, other evidence suggests that petitioner was fully aware of the length of his sentence. First, contrary to petitioner's assertion that he was not present at sentencing, petitioner's appeal to the Court of Appeals of Virginia references the fact that petitioner appeared before the circuit court for the correction of the mathematical mistake, even though counsel was not present for the correction. ECF No. 8-4 at 7. Second, petitioner, with counsel's assistance, filed a motion for reconsideration of the sentence on December 15, 2010, which acknowledged an active sentence of ten years.[4] ECF No. 8-2 at 1. Accordingly, the Court finds petitioner's lack of knowledge argument unpersuasive and insufficient to show cause for the procedural default of claim A.

In addition, plaintiff cannot show prejudice sufficient to overcome procedural default because he cannot prove that errors at trial worked to his "*actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170. To demonstrate prejudice, petitioner simply states that "because he was denied counsel at a critical

---

[3] The transcript shows that petitioner's counsel was present in the courtroom for the court's initial sentencing, but not for the court's correction of the mathematical mistake. Tr. 7-9, May 21, 2010.

[4] The motion for reconsideration characterizes petitioner's sentence as "five years incarceration with three years suspended on the abduction charge, eight years incarceration with three years suspended on the attempted robbery charge and three years on the use of a firearm in the commission of a felony charge." ECF No. 8-2 at 1.

8

stage of his criminal trial, prejudice in the context of the procedural default doctrine can be presumed." ECF No. 1 at 23-24. However, petitioner makes no attempt to show how counsel's absence in the courtroom when the court corrected its mathematical mistake worked to his actual and substantial disadvantage. The Court's review of the transcript shows that the circuit court originally advised petitioner, with counsel present, that he would be sentenced to five years for the abduction charge with three years suspended, eight years for the attempted robbery charge with three years suspended, and three years for the use of a firearm in the commission of a felony. Tr. 7-8, May 21, 2010. Thus, despite the mathematical error that was later corrected, the circuit court explained the full sentence to both petitioner and his counsel. Absent the submission of contrary evidence, the Court may infer that petitioner's sentence would have been the same, regardless of whether counsel appeared alongside petitioner when the circuit court later corrected the mathematical mistake on the same day. Petitioner cannot show actual or substantial disadvantage resulting from his counsel's absence during the correction and, therefore, he cannot demonstrate prejudice to overcome procedural default.

Because petitioner cannot show cause or prejudice, he may only overcome procedural default by showing that the Court's failure to review the claims will result in a fundamental miscarriage of justice. However, the Court will not apply the fundamental miscarriage of justice exception because the evidence appears overwhelming that petitioner was not actually innocent. Petitioner entered an *Alford* plea, in which he admitted that the government could offer proof of such facts and obtain a conviction concerning petitioner's involvement in an organized, attempted robbery at a grocery store involving abduction, assault, and the use of a firearm. Tr. 5-7, May 21, 2010. In addition, counsel offered at sentencing the statement that petitioner "admits that he was involved in this." Tr. 5, May 21, 2010. Moreover, a video surveillance camera

9

captured two males, wearing plastic masks and gloves, walk down the aisles of the grocery store and seize the manager and her assistant. Tr. 11-13, March 22, 2010. One of the masked individuals seen in the video camera, who was later identified through DNA testing of the masks as petitioner, brought the manager to the grocery store safe at gunpoint. Tr. 11-13, March 22, 2010. Because the evidence demonstrates that petitioner was not, in fact, innocent, and he has not submitted any new evidence to the contrary, the fundamental miscarriage of justice exception does not apply. Therefore, procedural default bars federal merits review of petitioner's claim A, and the Court recommends that claim A be DISMISSED.

## B. Claim B

Similar analysis applies to petitioner's claim B, which alleges that his Fourteenth Amendment right to due process was violated when the trial court reconvened to increase his sentence without petitioner or his counsel present. Claim B was not presented to the Supreme Court of Virginia, but any attempt to do so now would be barred as a successive petition under Virginia Code § 8.01-654(B)(2). *See also Dorsey v. Angelone*, 544 S.E.2d 350, 352 (Va. 2001). Accordingly, because petitioner's claim would be procedurally barred from presentation to the Supreme Court of Virginia, the Court may treat claim B as exhausted. *See Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) ("A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court.").

Although claim B may be treated as exhausted, it nevertheless is procedurally defaulted as "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default."

*Id.* at 288 (citing *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

As discussed above, petitioner has not demonstrated sufficient cause for or prejudice resulting from the procedural default. To the extent that petitioner asks the Court to excuse his failure to present the claim in state court because "the factual predicate of the claim" was unknown to him before August 26, 2012 when he received the sentencing transcript, the Court declines the request. ECF No. 1 at 22, 25. As indicated in the record and discussed above, petitioner was indeed present for sentencing. Tr. 2-9, May 21, 2010. Thus, he cannot convincingly claim to be unaware of the proceedings. Additionally, petitioner has not shown prejudice sufficient to overcome the procedural default of claim B, and no miscarriage of justice will result from the Court's decision not to review the claim. The Court recommends that claim B also be DISMISSED.

## C. Evidentiary Hearing

While petitioner argues that an evidentiary hearing is necessary because "the state factual determination is not supported by the record as a whole and the state court did not afford a full and fair fact finding," such a hearing is unnecessary. The Court can decide the matter based on the record and, accordingly, DENIES petitioner's request for a hearing.

## III. RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that respondent's motion to dismiss, ECF No. 6, be GRANTED, and the petition for a writ of habeas corpus, ECF No. 1, be DENIED and DISMISSED WITH PREJUDICE.

## IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

*RJK* /s/

**Robert J. Krask**
**United States Magistrate Judge**

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
December 8, 2015